**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Sang Ho Kim*

**FILED**
DISTRICT COURT OF GUAM

MAY 1 5 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR06-00071 |
| | ) | |
| Plaintiff, | ) | **MOTION FOR RELEASE ON** |
| | ) | **PERSONAL RECOGNIZANCE** |
| vs. | ) | **TO THIRD PARTY CUSTODIAN;** |
| | ) | **CERTIFICATE OF SERVICE** |
| SANG HO KIM, | ) | |
| | ) | |
| Defendant. | ) | |

----------

Defendant, Sang Ho Kim, hereby moves the Court to release him on his own personal recognizance to a third party custodian in the above-captioned case and, in so doing, Defendant relies on the following facts:

1. The Defendant is twenty-four (24) years old, having been born in Korea and has been a resident of Guam for approximately five (5) years and a permanent resident for two (2) years.

2. Defendant has pleaded guilty, accepted responsibility for his actions and is cooperating with the government.

3. Defendant asserts that if he is released on his own recognizance, or to a third party custodian, under no circumstances will he attempt to flee. Guam is his home and has been for the

**ORIGINAL**

last five (5) years and he has no other place to go. The U.S. Probation has approved of a suitable third party custodian.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Bail Reform Act of 1984, 18 U.S.C. §3141, *et seq.* requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community...Only in rare circumstances should release be denied, and doubts regarding the propriety of the release should be resolved in the defendant's favor...On a motion for pre-trial detention the Government bears the burden by showing by a preponderance of the evidence that the defendant poses a flight risk and by clear and convincing evidence that the defendant poses a danger to the community. *U.S. v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In reviewing the factors for determining release, 18 U.S.C. §3142(g) shows that the Defendant's situation does not conflict with the factors set forth in that section, such as,

1. The nature and seriousness of the offense charged.

2. The weight of the evidence against the Defendant.

3. The Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse (there is none) and criminal history (there is none).

4. The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release (there is no violence or weapons involved).

Based upon the foregoing, the Defendant respectfully requests that he be released on his own personal recognizance and that the Court order the other standard conditions of release.

Respectfully submitted this 15th day of May, 2008.

**TEKER TORRES & TEKER, P.C.**

By_____
JOSEPH C. RAZZANO, ESQ.
Attorneys for Defendant, *Sang Ho Kim*
TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

# CERTIFICATE OF SERVICE

I, JOSEPH C. RAZZANO, hereby declare that on the 15th day of May, 2008, I caused a true and correct copy of Defendant Sang Ho Kim's Notice of Motion and Motion for Release on Personal Recognizance to Third Party Custodian, to be served on:

> Karon V. Johnson, Esq.
> Assistant U. S. Attorney
> **Office of the United States Attorney**
> 108 Hernan Cortez Avenue, Suite 500
> Hagåtña, Guam 96910

DATED at Hagåtña, Guam, on May 15, 2008.

JOSEPH C. RAZZANO